UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cr-00195-2MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| ) | <u>CASTRO</u> |
| Vs. ) | ORDER |
| ) | |
| **DETRICK RAYSHAWN GADDY,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on defendant's letter filed July 17, 2013, which the court deems to be a Motion for Sentence Reduction under Rule 35, Federal Rules of Criminal Procedure (#45). In his letter, defendant states that he believes that he has provided substantial assistance, questions why the government has not filed a motion on his behalf, and asks "for a response from the courts about this matter." <u>Id.</u> at 1.

Defendant is advised that Rule 35(b), Federal Rules of Criminal Procedure, allows the government to file a motion to reduce a prisoner's sentence after sentencing if the prisoner provides "substantial assistance" to a government investigation. Fed.R.Crim.P. 35(b). Only the government may bring a motion for a sentence reduction under Rule 35(b). <u>United States v. Blackwell</u>, 81 F.3d 945, 948 (10th Cir.1996).

Once a prisoner's sentence has been finalized, courts have held that the proper vehicle for complaining about the government's alleged failure to file a motion under Rule 35(b) is a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. <u>United States v. Pierce</u>, 120 F.3d 263, 1997 WL 471057, at *2 (4th Cir.1997) (*per*

1

*curiam*) (unpublished table decision)(a prisoner's argument for a sentence reduction based on substantial assistance should have been construed as a section 2255 motion); c.f. United States v. Dais, 308 F. App'x 677, 677–78 (4th Cir.2009) (*per curiam*) (unpublished) (analyzing prisoner's argument that the government breached its plea agreement by failing to bring a motion under Rule 35(b) without addressing section 2255 or Pierce ).

Although not filed on Section 2255 forms and not signed under penalty of perjury, a broad reading of defendant's letter reveals that it presents a collateral attack on his underlying sentence, potently making such letter a Section 2255 motion rather than a Rule 35(b) motion. Before construing such letter as a Section 2255 Motion to Vacate, Set Aside, or Correct a Sentence, the court will first advise defendant of the consequences of construing such letter as a motion and then advise defendant on the method for making his election, all in the form of the following Notice.

### NOTICE

In accordance with Castro v. United States, 540 U.S. 375 (2003), defendant is advised that the court intends to recharacterize this motion as an attempt to file a motion pursuant to 28 U.S.C. § 2255. Defendant is provided an opportunity to advise the court whether defendant agrees or disagrees with this recharacterization of the motion.

Before making this decision, the defendant should consider that if the court construes this motion as one brought pursuant to § 2255, it will be defendant's first § 2255 petition, which will mean that before defendant can thereafter file a second or successive § 2255 petition, the defendant must apply for and receive certification from

the United States Court of Appeals for the Fourth Circuit.

In making such determination, defendant should consider that the law imposes a one year statute of limitations on the right to bring a motion pursuant to §2255. This one year period begins to run at the latest of:

1. the date on which the judgment of conviction became final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Finally, defendant is advised to discuss this matter with legal counsel if he has counsel. Defendant is required to respond within 30 days of service of this Order in one of two ways:

(1) if the defendant timely responds to this Order and does not agree to have the motion recharacterized as one under § 2255, the court will rule on the merits of the motion as one brought pursuant to Rule 35(b) in the criminal action; or

(2) if the defendant fails to respond to this Order or agrees to have the motion recharacterized as one pursuant to § 2255, the court will consider the motion pursuant to § 2255 and shall consider it filed as of the date the

original motion was filed. If the Defendant agrees to have the motion considered as one pursuant to §2255, the court will provide a time within which an amendment to the motion to the extent permitted by law may be filed, which includes, but is not limited to, signing an Amended Motion to Vacate under penalty of perjury.

## ORDER

**IT IS, THEREFORE, ORDERED** that the defendant shall comply with the provisions of this Order by written filing on or before thirty (30) days from service of this Order.

Signed: August 1, 2013

Max O. Cogburn Jr.
United States District Judge