UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cr-00195-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DETRICK RAYSHAWN GADDY,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's letter received November 26, 2014, requesting a recommendation that defendant be considered by the BOP for community confinement under the Second Chance Act based on accomplishments while incarcerated. Title 18, United States Code, Section 3621(b), provides in relevant part as follows:

> **(b) Place of Imprisonment.**— The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
> \* \* \*
> (4) any statement by the court that imposed the sentence—
>   (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>   (B) recommending a type of penal or correctional facility as appropriate . . . .

18 U.S.C. § 3621(b).

The *Second Chance Act*, cited by petitioner, impacts placement in a Residential Re-Entry Center ("RRC"), which is allowed under Section 3621, and provides as follows

in pertinent part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). Placement of an inmate in an RRC during the final portion of his sentence is sometimes referred to as "pre-release RRC placement" and placement of an inmate in an RRC at any other point during his sentence pursuant to § 3621(b) is called an "anytime RRC placement." Delfino v. Berkebile, 2011 WL 1088013, *3 (S.D.W.Va. March 23, 2011).

To the extent petitioner asks that the court grant relief in the first instance under the *Second Chance Act*, the provisions of 18, United States Code, Section 3624(c), concern actions to be taken by the Director of the Bureau of Prisons, not the court. Whether to place a person in any pre-release program appears to be a duty delegated to the Executive Branch and not the Judiciary. Matters Congress delegates to the Director of the Bureau of Prisons are not left to the discretion of the courts. See United States v. Stubbs, No. 97-4948, 1998 WL 387253, at *1 (4th Cir. June 24, 1998) (*per curiam*) (citing United States v. Wilson, 503 U.S. 329 (1992)). The Director of Bureau of Prisons is uniquely qualified to determine what re-entry programs are appropriate for an incarcerated person as the Director is familiar with petitioner's adjustment and accomplishments while incarcerated, while the court has no credible basis for making any such determination.

Put another way, the court is not in a position to make the call. The appropriate referee of those decisions – and the one Congress has designated -- is the BOP because they have had the unique opportunity to observe Mr. Gaddy's progress and achievements while incarcerated.

**ORDER**

**IT IS, THEREFORE, ORDERED** that to the extent defendant seeks relief in his Letter (#51) under the Second Chance Act, such request is denied without prejudice as to pursuing such request with BOP and his case manager.

Signed: December 2, 2014

Max O. Cogburn Jr.
United States District Judge